IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Benco Dental Supply Company, | : |
|                  Plaintiff, | : Civil Action No. _____ |
| v. | : |
| | : Jury Trial Demanded |
| Colur World, LLC, | : |
|                  Defendant. | : |

## COMPLAINT

Plaintiff Benco Dental Supply Company ("Benco"), for its complaint against Colur World, LLC ("Colur World"), alleges as follows.

## THE PARTIES

1. Benco is a Delaware corporation located at 295 Center Point Boulevard, Pittston, Pennsylvania 18640.

2. Upon information and belief, Colur World is a Delaware limited liability company located at 800 Primos Avenue, Folcroft, Pennsylvania 19302.

## JURISDICTION AND VENUE

3. This action is for a declaratory judgment that Benco has not engaged in a predatory pricing, contrary to claims threatened repeatedly by Colur World in order to coerce Benco to enter into a settlement and license agreement with Colur World.

4. This Court has original subject matter jurisdiction over this action under 28 U.S.C §§ 1331 and 1337 and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

1

5.      This Court may exercise personal jurisdiction over Colur World because its principal place of business is located in the Commonwealth of Pennsylvania.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because Defendants' wrongful conduct occurred in (among other places) the Eastern District of Pennsylvania and Colur World is located in and conducts business within this district.

**FACTUAL BACKGROUND**

7.      Since 1930, Benco has been in the business of selling and distributing a full array of dental supplies, equipment, services and technology to dentists and dental labs throughout the United States. Benco has over 50 showrooms and 5 distribution centers located across the United States and, in 2016, sold over 62,000 distinct dental products. Benco employs over 400 sales representatives (including territory representatives, equipment specialists and regional managers) and 300 service technicians. In addition to products, Benco offers services that include dental office design, practice consulting, financing and real estate planning, wealth management, equipment repairs and computer hardware, software and systems for dentists.

8.      Upon information and belief, Colur World is a licensing company that attempts to license the color pink and the phrase "PINK NITRILE" to manufacturers and distributors of disposable gloves in the medical and dental fields.

9.      Upon information and belief, Colur World does not manufacture and/or distribute any actual products. Instead, it generates revenue through licensing the color pink and the phrase "PINK NITRILE" to manufacturers and distributors of disposable gloves.

10.     Benco, as a distributor of dental supplies, has previously purchased pink gloves from Colur World's licensees.

11. Benco and Color World are not competitors—Colur World is not a distributor of dental supplies, equipment, services, and technology, and Benco is not in the business of trademark licensing.

*Colur World's first unsuccessful lawsuit against Benco*

12. On March 16, 2017, Benco filed a petition in the Trademark Trial and Appeal Board ("TTAB") to cancel Colur World's Supplemental Registration No. 3,172,669 for the color pink used on gloves for medical and dental use ("the '669 registration")—Cancellation Proceeding No. 92065633 (the "Cancellation Proceeding"). Benco's Cancellation Proceeding asserted that the TTAB should cancel the registration because (1) it was obtained via fraud and (2) the color pink claimed in the registration is incapable of functioning as a trademark. The Cancellation Proceeding complaint is attached hereto as Exhibit "A."

13. On August 1, 2018, Colur World filed a complaint in the United States District Court for the Eastern District of Pennsylvania (later amended on September 5, 2018) seeking a declaratory judgment and injunction prohibiting Benco from challenging Colur World's alleged registration or pursuing the Cancellation Proceeding before the TTAB. *See* Civil Case No. 2:18-cv-03265-JS, Dkt. 8 (the "Prior E.D. Pa. Litigation"). In this complaint, Colur World alleged that Benco threatened to collude with other distributors to take legal action against Colur World if Colur World did not allow Benco to manufacture and sell pink gloves without a royalty. Colur World's amended complaint in the Prior E.D. Pa. Litigation is attached hereto as Exhibit "B."

14. On August 2, 2018, one day after filing its complaint in the Eastern District of Pennsylvania, Colur World filed a motion to suspend the Cancellation Proceeding pending the resolution of the Prior E.D. Pa. Litigation. The TTAB granted Colur World's motion, meaning

that Benco's effort to challenge the merits of Colur World's registration have been locked in suspense for approximately nine months now.

15. On September 19, 2018, Benco filed a motion to dismiss Colur World's amended complaint for lack of subject matter jurisdiction. Specifically, Benco's filing of a cancellation proceeding in the TTAB does not create an actual case or controversy between Benco and Colur World, and therefore Colur World's claims and complaint are outside the scope of the district court's Article III jurisdiction.

16. After oral argument, Chief Judge Sanchez granted Benco's motion to dismiss on March 29, 2019. Judge Sanchez's decision is attached hereto as Exhibit "C."

### *Colur World's threat to initiate a predatory pricing lawsuit against Benco*

17. Within days after Chief Judge Sanchez's decision dismissing the Prior E.D. Pa. Litigation, Colur World threatened to file a brand new action against Benco—this time based on a newly-invented claim of predatory pricing. *See* April 5, 2019 email, attached hereto as Exhibit "D" ("the April 5th email").

18. The text of the April 5th email reads as follows (with emphasis added):

*Jeff* [counsel for Benco]*:*

*We were hoping to sit down with you and your clients in person to discuss an amicable business resolution because we believe this would be a more productive way to proceed. We understand that your client wants us to put more cards on the table before sitting down and we are willing to do so.*

*The primary reason we have reached out is because we believe that continuing to litigate does not make sense for either party. It is certain that the time and expense of this litigation is going to be extensive and costly.*

*An appeal to the Third Circuit is certain to ensue, which will likely take another 9 to 18 months. Assuming the matter is remanded to Judge Sanchez on appeal which is what happened in another case we handled before Judge Sanchez*

4

*recently, we would then proceed through the district court litigation for at least another 18 – 24 months or possibly much longer to verdict. At that point, it seems one of the parties will file another appeal which adds another year plus to the process. Assuming the appeal at the end of the case does not result in a further remand and ends the federal court litigation, we then return to Washington for further lengthy and costly proceedings concerning the trademark, which may also result in an appeal to the Federal Circuit Court of Appeals.*

**In the meantime, we have prepared a complaint on behalf of our client against Benco based on Predatory Pricing. We have analyzed and researched our claims extensively and are ready to move forward. Our complaint is ready to file and is fully supported with invoices and supporting evidence. We were hoping to sit down with you and discuss a resolution before filing the complaint but we are prepared and committed to proceed which will open additional litigation.**

*Our client is willing to be reasonable but they are also committed to this long fight if your client does not wish to discuss amicably resolution of the claims. Colur World has every incentive to protect its'* [sic] *Trade Mark that it acquired legally and legitimately 15 years ago and which it has continued to successfully license to many other significant companies including the latest license agreement recently reached with Halyard ("Kimberly Clark").*

*Our client is prepared to offer you very favorable licensing terms based on a [redacted].* **A resolution along these lines should be far more attractive than litigation and would provide Benco the ability to promote its own private label of pink nitrile gloves. The alternative best case scenario for Benco is to litigate for years and spend significant monies with no upside.** *In the unlikely event that Benco is to prevail at every step in the litigation ahead, it will only succeed in securing the ability to compete with everyone else in the marketplace to sell a color equally available to everyone.*

*For these reasons, we again respectfully request the opportunity to sit down this month and reach a resolution which makes business sense. We request that you please respond on or before April 15th. Please copy my partners Grant Palmer and Lisa Kaas on your response. Best regards. –Tim* [counsel for Colur World]

19.   The April 5th email, as set forth above, contains the following ultimatum: either negotiate a settlement of the Cancellation Proceeding, or else Colur World will prolong the current litigation through an expensive appeal and then file a separate predatory pricing complaint against Benco, resulting in further delays and expense.

20. The threatened predatory pricing claim asserted by Colur World in the April 5th email is entirely without merit. Nonetheless, the April 5th email states that Colur World is prepared to move forward with its predatory pricing claim immediately if Benco does not cooperate in reaching a settlement on the Cancellation Proceeding.

21. On April 22, 2019, Colur World filed a notice of appeal on the dismissal of the Prior E.D. Pa. Litigation, as promised in the April 5th email.

22. On May 16 and 17, 2019, Colur World again threatened to file a predatory pricing complaint against Benco if Benco does not negotiate a license agreement for Colur World's alleged trademark for the color pink. Colur World's attorney Timothy Pecsenye stated this threat in a telephone conversation on May 16 with Benco's attorney Jeff Eichen and then followed up with an email the following day—stating that Colur World's threatened predatory pricing complaint will be filed the United States District Court for the Central District of California, a jurisdiction chosen no doubt for its inconvenience and added expense to Benco. *See* May 17th email attached hereto as Exhibit "E."

23. Benco has not engaged in any predatory pricing, is not liable to Colur World or any other party for any claim of predatory pricing and is entitled to proceed with its business, and specifically the Cancellation Proceeding, without the threat of a spurious claim hanging over its head. Indeed, Colur World's threat to file the predatory pricing claim as an incentive for Benco to settle its Cancellation Proceeding and accept a license for Colur World's alleged trademark indicates that the claim is being used simply as a means for increasing costs and delay.

24. There is a substantial controversy between the parties, as Colur World has threatened to file a predatory pricing complaint against Benco immediately unless Benco negotiates a settlement and license agreement with Colur World. The threatened claim,

particularly the costs and delay caused by Colur World's filing such a claim, are being used to force Benco to negotiate a license agreement for an alleged trademark that is entirely without merit, as set forth in Colur World's April 5th email: *"In the meantime, we have prepared a complaint on behalf of our client against Benco based on Predatory Pricing. We have analyzed and researched our claims extensively and are ready to move forward. Our complaint is ready to file and is fully suppoed with invoices and supporting evidence. We were hoping to sit down with you and discuss a resolution before filing the complaint but we are prepared and committed to proceed which will open additional litigation."*

25. The parties have adverse legal interests. Benco has not engaged in predatory pricing, and Colur World is only threating to file the alleged predatory pricing claim in order to coerce Benco to settle Benco's claim that Colur World's alleged trademark for the color pink should be cancelled.

26. Colur World's threat is immediate, as stated in the April 5th and May 17th emails. Benco believes that, if it does not acquiesce to Colur World's demands and negotiate a settlement, Colur World will file its predatory pricing complaint.

27. The Court should exercise its discretion and grant jurisdiction under the Declaratory Judgment Act because Colur World should not be permitted to coerce settlement with Benco by threating to file a spurious predatory pricing lawsuit and otherwise cause Benco "to litigate for years and spend significant monies with no upside."

28. Benco therefore seeks declaratory judgment from the Court that it has not engaged in predatory pricing.

29. This case or controversy is directly related to the parties' Prior E.D. Pa. Litigation before Chief Judge Sanchez and thus should be assigned to Judge Sanchez pursuant to the rules of this Court.

## COUNT I
## DECLARATORY JUDGMENT ACT

30. Benco incorporates herein the allegations contained in the paragraphs above.

31. Colur World has threatened to file a complaint for predatory pricing against Benco unless Benco complies with Colur World's demand to negotiate a settlement with Colur World related to Colur World's alleged trademark for the color pink.

32. On information and belief, predatory pricing is defined as pricing below an appropriate measure of cost for the purpose of eliminating competitors in the short run and reducing competition in the long run.

33. On information and belief, to succeed on a predatory pricing claim, a plaintiff must prove (1) that the prices complained of are below an appropriate measure of the defendant's costs; and (2) that the defendant had a dangerous probability of recouping its investment in below-cost prices.

34. On information and belief, a plaintiff must have standing in order to assert a claim of predatory pricing.

35. Colur World does not have standing to pursue a predatory pricing claim because it is not Benco's competitor. Colur World, as a licensor, not a manufacturer or distributor, lacks any injury of the type the antitrust laws were intended to prevent and that flows from that which would make Benco's acts allegedly unlawful. Colur World is also not in the same market as Benco as it does not distribute dental supplies, dental equipment, dental services and technology.

36. Benco has not set prices below an appropriate measure of its costs.

37. Benco has not set prices below an appropriate measure of its costs to drive competitors out of business.

38. Because Benco has not set prices below an appropriate measure of its costs, it has not engaged in predatory pricing.

39. Further, even if Benco had set prices below an appropriate measure of its costs, there was no probability of Benco's recouping its investment in below-cost prices.

40. As such, Benco seeks a declaratory judgment from the Court that it has not engaged in predatory pricing.

**RELIEF REQUESTED**

WHEREFORE, Benco prays that:

A. Judgement be entered in favor of Benco against Colur World as the above Count;

B. A declaratory judgment that Benco has not engaged in predatory pricing;

C. Colur World be ordered to pay costs of this action, including attorney's fees incurred by Benco in connection with this lawsuit;

D. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Benco hereby demands a trial by jury as to all issues so triable.

Dated: May 20, 2019

_____
Jeffrey L. Eichen
Drinker Biddle & Reath LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Tel: (302) 467-4236
Fax: (302) 467-4201
Jeffrey.eichen@dbr.com

Daniel E. Brewer
Drinker Biddle & Reath LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
Phone: 215.988.2700
Fax: 215.988.2757
daniel.brewer@dbr.com